UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH W. JAEGER,

                Plaintiff,

    v.

BNSF RAILWAY COMPANY,

                Defendant.

Case No. C23-930-RAJ

ORDER

## I.     INTRODUCTION

This matter is before the Court on Plaintiff Joseph W. Jaeger's ("Plaintiff") Motion to Compel Rule 34 Inspection. (Mot. (dkt. # 16).) Plaintiff seeks to compel inspection of locomotives and resurfacing tools and materials in the possession of Defendant BNSF Railway Company ("Defendant" or "BNSF"). (*Id.* at 2.) Defendant opposed the Motion (Resp. (dkt. # 18)) and Plaintiff filed a reply (dkt. # 22). The Court held oral argument on May 15, 2024. (Dkt. # 25.)

Having considered the parties' submissions, oral argument, the balance of the record, and governing law, Plaintiff's Motion (dkt. # 16) is GRANTED in part and DENIED in part, as further explained below.

ORDER - 1

## II.     BACKGROUND

Plaintiff alleges that on January 26, 2023, Plaintiff slipped and fell on an outdoor walkway on BNSF locomotive 6036 ("Locomotive 6036") in Everett, Washington. (Mot. at 1.) Plaintiff impacted his spine on a concrete railroad tie and suffered serious injuries. (*Id.*) Plaintiff retained counsel and sought to inspect Locomotive 6036 in February 2023 — before litigation commenced. (Resp. at 2 n.1; Reply at 2.) After resolving scheduling conflicts, Plaintiff's team inspected Locomotive 6036 on May 8, 2023. (Resp. at 2.) Locomotive 6036 remains in active use since Plaintiff's accident. (*Id.*) Plaintiff filed a complaint against Defendant on June 20, 2023, for negligence under the Federal Employers' Liability Act ("FELA") and strict liability under the Locomotive Inspection Act ("LIA"). (Dkt. # 1.)

Defendant's experts independently examined Locomotive 6036 on August 9, 2023, and conducted testing to measure the slip resistance of the area where Plaintiff claimed he slipped. (Resp. at 4; Reply at 4.) The parties exchanged expert reports on February 21, 2024. (Mot. at 4.) After reviewing Defendant's expert reports, Plaintiff served Defendant with a Request for Inspection (the "Request" (dkt. # 17-1 at 2-4)) one week later on February 28, 2024. (*Id.*)

Plaintiff's Request identified five items for inspection: (1) a locomotive of the same type as Locomotive 6036 that has been resurfaced in the past 30 days ("Request 1"); (2) if no such locomotive has been resurfaced in the past 30 days, then the locomotive that has been resurfaced most recently ("Request 2," and together with Request 1, the "Recently Resurfaced Locomotive"); (3) a locomotive of the same type that is being actively resurfaced ("Request 3" and the "Actively Resurfaced Locomotive"); (4) the tools and materials used to resurface locomotives ("Request 4" and the "Tools and Materials"); and (5) Locomotive 6036 ("Request 5"). (Mot. at 4-5.)

Defendant objected to Plaintiff's Request on the grounds that it, *inter alia*, was duplicative of Plaintiff's first inspection, sought irrelevant discovery, and was unduly burdensome. (*See* Resp.) Plaintiff filed the Motion to compel inspection on April 19, 2024, (dkt. # 16) and the Court held oral argument on May 15, 2024. (Dkt. # 25.)

### III.    DISCUSSION

#### A.  Standard of Review

Rule 34 "permit[s] entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34(a)(2). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). In evaluating a discovery dispute, the Court should consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*; *see S/Y Paliador, LLC v. Platypus Marine, Inc.*, 344 F.R.D. 110, 116 (W.D. Wash. 2023).

#### B.  Request 5 to Inspect Locomotive 6036

Plaintiff seeks a second inspection of Locomotive 6036 so he can conduct additional testing in response to opinions disclosed in Defendant's expert report. (Mot. at 9-10.) Plaintiff argues that the first inspection in May 2023 occurred before litigation commenced, was not part of the discovery process, and thus does not preclude him from seeking an inspection now pursuant to Rule 34. (Reply at 1.) Furthermore, the first inspection was conducted while Plaintiff was still in the hospital and the details of his fall were not fully developed. (*Id.* at 3-4.) Plaintiff

1    argues that he would be prejudiced if he does not have the chance to evaluate testing that

2    Defendant will use as a defense. (*Id.* at 45.)

3           Defendant argues that Plaintiff should not be allowed inspect Locomotive 6036 again

4    because a second inspection would be duplicative and unduly burdensome. (Resp. at 6-7.)

5    "Typically, a party is not entitled to a second inspection." *Khoa Hoang v. Trident Seafoods*

6    *Corp.*, 2007 WL 2138779, at *4 (W.D. Wash. July 23, 2007). However, courts allow second

7    inspections when warranted. *See, e.g.*, *id.* (granting plaintiff's motion for second, brief inspection

8    of a fish processing machine's blades where the plaintiff was first only allowed to inspect a

9    bladeless machine).

10          Here, Plaintiff has identified sufficient circumstances to justify a second inspection. The

11   condition of Locomotive 6036's walkway is central to the parties' dispute. While relevance may

12   be somewhat diminished given the first inspection and time elapsed since Plaintiff's accident,

13   Plaintiff's request is relevant to the defenses recently disclosed in Defendant's expert reports.

14   Plaintiff would be unfairly prejudiced if not given the opportunity to conduct his own testing in

15   response to Defendant's expert opinions. Defendant has not offered specific details regarding the

16   potential burden or expense of Plaintiff's Request (*see* dkt. # 21 at 2), meaning Defendant's

17   "objections are thus conclusory and do not show that a second inspection . . . is unduly

18   burdensome or disproportionate to the needs of the case." *See Manclark v. Oceans Marine*

19   *Elecs., Inc.*, 2020 WL 7265412, at *3 (C.D. Cal. Oct. 16, 2020). Finally, relative access to

20   Locomotive 6036 and the parties' respective resources also weigh in favor of granting Plaintiff's

21   inspection.

22          Accordingly, the Court GRANTS Plaintiff's Motion as it relates to a second inspection of

23   Locomotive 6036 (Request 5).

### C.  Requests 1-4 to Inspect Other Locomotives, Tools, and Materials

In addition to Locomotive 6036, Plaintiff seeks to inspect a Recently Resurfaced Locomotive, Actively Resurfaced Locomotive, and the Tools and Materials used to resurface said locomotives. (Mot. at 4-5.) Plaintiff argues that the Requests are relevant because "[t]he condition of BNSF's locomotive walkway is clearly at issue in this case, as is the methods, tools, regularity, and effectiveness of its inspection and repair protocols." (*Id.* at 5.) Inspecting the conditions of these locomotives and their resurfacing processes would provide exemplars to which Plaintiff could compare Locomotive 6036's conditions. (Reply at 5-7.)

Defendant counters that these requests are irrelevant. (Resp. at 7-10.) Railroads are required to provide their workers with safe working environments — they do not breach their duty of care if they fail to provide a purportedly safer alternative if the existing conditions are already safe. *See McFarland v. Burlington N. Santa Fe Ry. Co.*, 188 Wn. App. 1046 (Wash. Ct. App. 2015) (citing *Soto v. S. Pac. Transp. Co.*, 514 F. Supp. 1, 4 (W.D. Tex. 1979), *aff'd*, 644 F.2d 1147 (5th Cir. 1981)). Defendant further contends that Requests 1-4 are unduly burdensome, vague, and unworkable because there are numerous potential methods for responding to defects on a locomotive's walkway that are implemented on an as needed basis. (Resp. at 10-11.)

After weighing the factors in Rule 26(b), the Court finds that Requests 1-4 are not sufficiently relevant to justify an order compelling inspection. The question in this case is whether Locomotive 6036's walkway was safe on the day of Plaintiff's accident, and the existence of purportedly safer walkways would have no bearing on that issue. *See McFarland*, 188 Wn. App. 1046. While information need not be admissible to be discoverable, it must still be relevant. *See S/Y Paliador*, 344 F.R.D. at 116. Furthermore, Defendant's burden is more

substantial in this instance since BNSF does not periodically schedule locomotive walkway repairs. (Resp. at 10-11; dkt. # 19 at 45-46.) Instead, walkways are repaired as needed using particularized methods, tools, and materials that are necessary for that specific repair. (*Id.*) The minimal importance and relevance of Plaintiff's requests are outweighed in this instance by Defendant's more substantial burden.

Accordingly, the Court DENIES Plaintiff's Motion as it relates to the Recently Resurfaced Locomotive, Actively Resurfaced Locomotive, and Tools and Materials (Requests 1-4).

### D.  Leave for Additional Related Discovery

At oral argument, the parties informed the Court that if Plaintiff was granted a second inspection of Locomotive 6036, Plaintiff's expert(s) would want to issue a supplemental report regarding that inspection. Likewise, Defendant's counsel represented that he would seek depositions of any experts who issued such a supplemental report. The Court finds good cause to allow Plaintiff's expert(s) to issue a supplemental report and to permit Defendant to notice expert depositions regarding such a report and recommends that the Honorable Richard A. Jones consider amending the scheduling order to allow the parties to proceed with such discovery. However, those issues are not before this Court, and the parties must formally request leave from Judge Jones to amend the scheduling order before conducting any additional discovery.

### E.  Attorney's Fees

Both parties request awards of attorney's fees incurred in bringing and opposing this Motion pursuant to Rule 37(a)(5). (Mot. at 12; Resp. at 12.) However, the Court finds that attorney's fees are not warranted because the parties' arguments for and against the Motion were

substantially justified, and therefore declines to award attorney's fees to either party. *See* Fed. R. Civ. P. 37(a)(5)(A)-(C).

## IV.    CONCLUSION

For the foregoing reasons, the Court hereby ORDERS that:

1)      Plaintiff's Motion (dkt. # 16) is GRANTED as to its request to inspect Locomotive 6036 (Request 5); and

2)      Plaintiff's Motion (dkt. # 16) is DENIED as to its requests to inspect the Recently Resurfaced Locomotive, the Actively Resurfaced Locomotive, and the Tools and Materials (Requests 1-4).

The Clerk is directed to send copies of this order to the parties and to the Honorable Richard A. Jones.

Dated this 16th day of May, 2024.


MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 7